IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT FEIDLER,                    :
    Petitioner,                :
                               :    No. 1:20-cv-418
    v.                         :
                               :    (Judge Rambo)
ANGELA HOOVER, *et al.*,           :
    Respondents                :

## MEMORANDUM

On March 11, 2020, *pro se* Petitioner Robert Feidler ("Petitioner"), who is presently incarcerated at the Clinton County Correctional Facility ("CCCF") in McElhattan, Pennsylvania, initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On March 30, 2020, Petitioner filed a motion for leave to proceed *in forma pauperis* (Doc. No. 4), which the Court will grant. The Court will review Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and for the following reasons, dismiss the petition without prejudice.

### I.    BACKGROUND

On November 14, 2019, following a bench trial in the Court of Common Pleas for Clinton County, Pennsylvania, Petitioner was found guilty of driving with a BAC of .02 or greater while his license was suspended, having an accident involving damage to an attended vehicle or property, driving without a license,

suspended/revoked license—3rd offense, careless driving, and failure to notify the police of an accident. (Doc. No. 1); *see Commonwealth v. Feidler*, Docket No. CP-18-CR-0000462-2019 (Clinton Cty. C.C.P.).[1] On December 23, 2019, Petitioner was sentenced to an aggregate sentence of ten (10) to twenty-three (23) months' incarceration. *Id.* Petitioner did not appeal. On March 11, 2020, he filed the instant § 2254 petition, raising the following claims for relief:

> Ground One: The "judge was [his] public defender [in the] past, and that [affected] his judg[]ment;"
>
> Ground Two: Counsel was ineffective for "talking [him] out of a jury trial;
>
> Ground Three: Counsel was ineffective for not calling witnesses; and
>
> Ground Four: The evidence was not sufficient to convict Petitioner because the driver of the other car "[testified that Petitioner] was not in the driver['s] seat."

(*Id.* at 5-9.) As to all grounds for relief, Petitioner acknowledges that he has not raised them in state court proceedings. (*Id.*)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from

---

[1] A district court may take judicial notice of state court records, as well as its own. *See Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, 28 U.S.C. foll. § 2254. Based upon the petition and the state court docket, the Court concludes that this petition is unexhausted.

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts the state courts on notice that a federal claim is being asserted. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate

court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." *See Alston v. Diguglielmo*, No. 07-cv-2618, 2009 WL 2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

It is apparent from the face of Petitioner's § 2254 petition that he has not exhausted his state court remedies.[2] As is evident from the § 2254 petition and the docket for the Court of Common Pleas of Clinton County, Petitioner's judgment of sentence is now final, and Petitioner has yet to file a PCRA petition raising the grounds for relief set forth above. *See Feidler*, Docket No. CP-18-CR-0000462-2019. Moreover, because Petitioner still may file a timely PCRA petition raising these claims, the one-year statute of limitations will not bar a subsequent habeas petition. Even on the strictest calculation of the limitations period, Petitioner has an opportunity to return to federal court after exhausting his state court remedies.[3]

---

[2] The Court recognizes that exhaustion may be excused if "there is an absence of available State corrective process[,] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." *See Lines*, 208 F.3d at 163. Petitioner has neither alleged nor shown any deficiency or irregularity in the state corrective process to warrant exemption from the exhaustion rule.

[3] As noted above, Petitioner did not appeal his judgment of sentence to the Superior Court of Pennsylvania. Accordingly, his judgment of sentence became final on January 22, 2020, thirty

4

Accordingly, the Court will dismiss the petition without prejudice to Petitioner's right to refile the petition promptly at the end of his state court proceedings should he elect to do so. *See Myers v. Warden of SCI-Albion*, No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

---

(30) days after he could have appealed to the Superior Court. *See Kuehner v. Com. of Pennsylvania*, No. 3:14-cv-0800, 2016 WL 1595389, at *4 (M.D. Pa. Apr. 20, 2016). Petitioner, therefore, has one year from January 22, 2020 to file a PCRA petition raising the claims he now seeks to raise in his § 2254 proceedings. *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(1). Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under" 28 U.S.C. § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2).

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner leave to proceed *in forma pauperis* (Doc. No. 4) and dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) without prejudice to Petitioner's right to file a PCRA petition in state court and return to this Court once he has exhausted his state court remedies. The Court will not an issue a COA. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 7, 2020